# UNITED STATES COURT OF APPEALS

## FOR THE FEDERAL CIRCUIT

**Washington Windsor,**

Appellant,

v.

Douglas A. Collins,

Secretary of Veterans Affairs,

Appellee.

No. 25-1491

Appeal from the United States Court of Appeals for Veterans Claims

Case No. 24-6701

Judge: Grant C. Jaquith

**OPENING BRIEF FOR APPELLANT**

Filed By Washington Windsor

530 E. McDowell Rd, Unit 107-206

Phoenix, AZ 85004

Email: ICC@sandraoconnerlawschool.education

Phone: (202) 701-5504

Filed: May 15, 2025

## TABLE OF CONTENTS

| Section Title | Page |
|---|---|
| I. Jurisdictional Statement and Issues Presented | 6 |
| II. Statement of the Case and Facts | 7 |
| III. Argument | 11 |
| IV. Conclusion and Relief Requested | 15 |
| Certificate of Service | |
| Exhibit 1 | |

## TABLE OF AUTHORITIES

### Cases

- Bond v. Derwinski, 2 Vet. App. 376 (1992)

- Cheney v. U.S. Dist. Court, 542 U.S. 367 (2004)

- Erspamer v. Derwinski, 1 Vet. App. 3 (1990)

- Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167 (2000)

- Martin v. O'Rourke, 891 F.3d 1338 (Fed. Cir. 2018)

- Telecommunications Research & Action Center v. FCC (TRAC), 750 F.2d 70 (D.C. Cir. 1984)

- Williams v. Principi, 15 Vet. App. 189 (2001)

### Statutes

- 28 U.S.C. § 1295(a)(4)(C)

- 28 U.S.C. § 1651 (All Writs Act)

- 38 U.S.C. § 5103A

- 38 U.S.C. § 7107(a)(2)

- 38 U.S.C. § 7112

- 38 U.S.C. § 7261

- 38 U.S.C. § 7292

## Regulations

- 38 C.F.R. § 3.159(c)(4)

# I. Jurisdictional Statement and Issues Presented

This appeal arises under 38 U.S.C. § 7292 and 28 U.S.C. § 1295(a)(4)(C), granting the United States Court of Appeals for the Federal Circuit exclusive jurisdiction over final decisions of the United States Court of Appeals for Veterans Claims (CAVC) that involve the interpretation of constitutional and statutory provisions, as well as issues of administrative procedure.

Appellant Washington Windsor timely filed a Notice of Appeal on February 25, 2025, following the CAVC's January 31, 2025 final judgment in Case No. 24-6701, denying his petition for a writ of mandamus. The appeal was docketed on February 27, 2025. This Court therefore has subject-matter jurisdiction under the statutes cited above.

The issues presented are of national and systemic importance:

1. Whether the Court of Appeals for Veterans Claims erred as a matter of law in denying mandamus relief where the Secretary of Veterans Affairs

materially misrepresented the procedural status of a Chapter 31 vocational rehabilitation claim and offered no sworn evidence to substantiate the alleged mootness.

2. Whether the Court's deference to unsworn, conclusory assertions by the government—statements later refuted by official VA records—violated the due process rights of a pro se veteran and contravened precedent requiring judicial scrutiny of delay and executive inaction.

3. Whether a pattern of strategic delay culminating in a post-litigation remand, followed by months of administrative inertia, satisfies the "rule of reason" under Martin v. O'Rourke, 891 F.3d 1338 (Fed. Cir. 2018), such that mandamus relief should have issued.

## II. Statement of the Case and Facts

This case presents a textbook example of procedural evasion masked as administrative diligence. The underlying petition sought a writ of mandamus to compel the Department of Veterans Affairs (VA) to act on a claim for Chapter 31 vocational rehabilitation benefits that had languished for nearly

two years despite being formally advanced on the Board of Veterans' Appeals (BVA) docket due to the Appellant's documented financial hardship. The agency's protracted inertia inflicted mounting harm on the Appellant and his family, including bankruptcy, educational derailment, and intensifying debt.

The Appellant, a 100% P&T service-connected veteran recognized by the Department of Veterans Affairs, whose status confers the highest level of service-connected recognition under law, and a father of two minor children, filed his Chapter 31 application in August 2022. The BVA formally docketed the appeal on December 9, 2022, and granted advance-on-docket status pursuant to 38 U.S.C. § 7107(a)(2), obligating expeditious adjudication. Yet for nearly 23 months, the VA failed to take any material step to resolve the claim.

In response, Appellant filed a petition for writ of mandamus in the Court of Appeals for Veterans Claims on September 17, 2024 (CAVC No. 24-6701), asserting that the VA's inaction amounted to unlawful withholding

under the All Writs Act, 28 U.S.C. § 1651(a), and under Martin v. O'Rourke, constituted the precise species of egregious delay mandamus was designed to redress.

Instead of defending its conduct with transparency and evidence, the government engaged in an altogether more subtle form of evasion: it requested extensions. Two of them. First, a 30-day extension to respond to the Court's Order, and then a 7-day extension, pushing the filing deadline into December 2024. These seemingly routine procedural requests became, in substance, a litigation shield—an invisibility cloak under which the VA orchestrated an illusory remand.

On October 30, 2024, the Board of Veterans' Appeals issued a remand— not a resolution—instructing the agency to "correct the error," as explicitly stated in VA's own claims system and still visible as of May 14, 2025. This directive triggered the VA's duty to initiate further development, including scheduling interviews, examinations, or fact-finding necessary to adjudicate the claim. Yet no post-remand action whatsoever has occurred. The claim remains untouched: no interview, no program, no communication, no procedural movement and no C&P.

Despite the plain language in the agency's own internal records, the Secretary failed to inform the Court of the remand's limited scope and instead mischaracterized it as a final adjudication. This omission was not merely an oversight—it manufactured the illusion of mootness and precluded judicial review of a claim that remains unresolved and unremedied to this day. The VA's own system contradicts the government's assertions, revealing a structural failure cloaked in administrative formality.

This was not a good-faith misunderstanding. It was a strategic substitution of rhetoric for substance—an elision of procedural posture cloaked in official tone. The response contained no sworn declarations, no supporting affidavits, and no acknowledgment that VA had failed to schedule any interview, C&P examination or follow-up in the six months post-remand. It was, in essence, a judicial hologram—image without weight, assertion without oath.

The CAVC accepted these unverified claims at face value, denied the petition, and held the matter moot. In so doing, it relied on government representations now known to be false. The agency's own VA.gov portal

confirms that as of May 14, 2025, no further action has occurred. The Board's instruction (on October 30, 2024) that "a reviewer will correct the error" remains unmet—unacknowledged, unfulfilled, and untreated. (Exhibit 1)

In that silence lies the constitutional injury: the conversion of a remedial hearing into a procedural mirage, where delay becomes its own defense and misconduct is sanitized by time. This case thus implicates not only the equities of a single veteran, but the structural integrity of judicial review in the face of agency inertia artfully disguised as progress.

## III. Argument

In denying the writ, the Court of Appeals for Veterans Claims committed reversible error by accepting the government's unsworn representations as dispositive, despite overwhelming evidence of agency delay, mischaracterization, and ongoing procedural default. The ruling contravenes established precedent governing administrative inaction and mootness, while effectively sanctioning a model of strategic evasion—one in which delay is

used not merely as an accident of bureaucracy but as a deliberate mechanism to elude judicial oversight.

Under the framework articulated in Martin v. O'Rourke, 891 F.3d 1338 (Fed. Cir. 2018), the Court must assess whether agency delay has reached the threshold of unreasonableness by applying the six factors set forth in Telecommunications Research & Action Center v. FCC ("TRAC"), 750 F.2d 70 (D.C. Cir. 1984). Here, every TRAC factor tilts in favor of intervention. The VA delayed adjudicating a legally and medically grounded claim for over two years. The claim had been explicitly prioritized on the Board's docket under 38 U.S.C. § 7107(a)(2), a statutory provision enacted precisely to prevent the scenario now before this Court—where veterans in financial or medical crisis are shunted aside by bureaucratic inertia masquerading as procedural formality.

The government's assertion that the claim had been "resolved" was not merely misleading—it was false, and it was offered without any sworn declaration or affidavit. The response was a skein of unsworn narrative, stitched together by implication and assumption, yet devoid of the evidentiary weight required in judicial proceedings. The absence of a

declaration under penalty of perjury speaks volumes; it permitted counsel to represent facts to the Court that no agency official was willing to personally affirm. The effect was to insulate the VA's conduct from scrutiny through a technique not unfamiliar in adversarial litigation: strategic ambiguity.

The remand order of October 30, 2024, is the pivot point. It was cited by the Secretary to argue that the claim was no longer pending and that the relief sought had become moot. But this was a shell game. As the Appellant's authenticated VA.gov record (Exhibitb1) indisputably shows, the Board did not resolve the case. It merely returned it for further development—development which, as of May 14, 2025, has not occurred. There has been no communication, no interview, no C&P examination scheduled. The claim sits in stasis. To borrow an image from administrative law, it is the legal equivalent of Schrödinger's cat: simultaneously closed in the Secretary's brief, and unaddressed in the VA's own system.

In Friends of the Earth v. Laidlaw, 528 U.S. 167 (2000), the Supreme Court warned against accepting post-litigation "voluntary cessation" as a basis for mootness. Yet that is precisely what happened here. The VA delayed action until a petition was filed, then rushed out a remand to create

the illusion of motion, and allowed the Court to declare victory on the government's behalf. This sets a dangerous precedent—one that invites agencies to defeat judicial review not by addressing the problem, but by altering the optics.

The CAVC's reliance on Bond v. Derwinski, 2 Vet. App. 376 (1992), is similarly misplaced. Bond applies when the relief sought has been actually and fully granted—not when it is represented to have been granted by counsel lacking first-hand knowledge, without sworn testimony, and in the face of contemporaneous documentary evidence to the contrary. Mootness is not a fig leaf. It cannot be claimed while the veteran stands—undressed by law—without remedy, without action, and without the hearing Congress explicitly instructed the VA to provide.

The Secretary's omissions and the Court's deference to them turn judicial review into an empty gesture. They transform the writ of mandamus—a historic safeguard against administrative paralysis—into a hollow relic, honored in name but ignored in substance. And most dangerously, they codify a new strategy: delay until challenged, act just enough to cloud the record, and declare mootness before the truth can catch up.

## IV. Conclusion and Relief Requested

The facts of this case do not merely suggest agency delay—they constitute it, in its most deliberate and injurious form. The Appellant's Chapter 31 vocational rehabilitation claim, filed in August 2022 and granted advance-on-docket status under 38 U.S.C. § 7107(a)(2) due to severe financial hardship, has now endured more than 33 months of VA inaction—including over six months since the Board's October 30, 2024 remand. This is not expeditious treatment. It is constructive denial by omission.

The irreparable harm is not hypothetical. Appellant, a 100% P&T service-connected veteran, was driven by prolonged agency inaction to pursue formal debt discharge proceedings(Chapter 7) through the United States Court system—legal recourse necessitated by financial destabilization directly traceable to the VA's failure to act. He was forced to relocate his family under economic duress, and the educational and vocational goals that Chapter 31 benefits were meant to support were instead obstructed by the

very agency entrusted to deliver them. These are not abstract injuries—they are systemic harms with generational consequences.

Worse still, the remand—cited by the government as if it were a resolution—has been left to rot. As of May 14, 2025, the VA has taken no post-remand action: no interview scheduled, no C&P exam initiated, no development ordered. The phrase that appears in VA's system—"A reviewer will correct the error"—now reads not as a promise, but as a tombstone, marking the burial of executive responsibility.

Whether by incompetence or quiet policy, this is systematic closure without remedy. The VA has not denied the claim—it has simply left it in limbo, thereby escaping both accountability and finality. This is a violation not only of administrative law but of constitutional due process. The agency's pattern—delay, remand, then vanish—represents a structural circumvention of the veteran's right to a meaningful adjudication.

The Court of Appeals for Veterans Claims erred in accepting unsworn government representations as a basis for denying the writ. It erred in

overlooking the mandatory framework of Martin and TRAC. And it erred most profoundly in allowing mootness to be declared while the harm remained ongoing and unredressed.

Accordingly, the Appellant respectfully requests that this Court:

1. **Vacate** the January 31, 2025 order of the Court of Appeals for Veterans Claims;

2. **Reinstate** the petition for writ of mandamus in CAVC No. 24-6701;

3. Alternatively, issue a declaratory judgment finding that the VA's conduct—specifically, its failure to take post-remand action in a case with advance-on-docket status—constitutes a violation of 38 U.S.C. § 7112 and Martin v. O'Rourke;

4. Direct the Secretary to **schedule a hearing and initiate development within 30 days**, or show cause before the CAVC as to why such relief is not feasible;

5. And admonish that **unsworn factual assertions**, particularly when later disproven by agency records, are **legally insufficient to defeat a petition invoking judicial oversight under the All Writs Act.**

The writ of mandamus is not a ceremonial device. It is a constitutional instrument to preserve the integrity of the law where ordinary remedies fail. In this case, the system did not fail the Appellant by accident. It failed him by design. It is this Court's authority—and its obligation—to intervene.

/s/ Washington Windsor

Washington Windsor

Appellant

530 E. McDowell Rd, Unit 107-206

Phoenix, AZ 85004

Email: ICC@sandraoconnerlawschool.education

Phone: (202) 701-5504

Dated: May 15, 2025

# Certificate of Service

Pursuant to Federal Circuit Rule 25 and the Court's CM/ECF procedures, I certify that on May 15, 2025, I electronically filed the foregoing Opening Brief for Appellant using the Court's CM/ECF system.

As a CM/ECF-registered participant, I understand that service on the Secretary of Veterans Affairs will be accomplished via the Court's ***Notice of Docket Activity (NDA)***, which serves as effective service under the rules of this Court. No additional service is required.

Respectfully submitted,

/s/ Washington Windsor

Washington Windsor

Pro Se Appellant

530 E. McDowell Rd, Unit 107-206

Phoenix, AZ 85004

Email: ICC@sandraoconnerlawschool.education

Phone: (202) 701-5504

Dated: May 15, 2025

# EXHIBIT 1

Authenticated VA.gov Claim Status Record

(Windsor v. Collins, Secretary of Veterans Affairs, No. 25-1491)

## Commentary and Evidentiary Purpose

This exhibit is a screenshot from Appellant's official VA.gov claim portal, retrieved and authenticated as of May 14, 2025. It shows that the Board of Veterans' Appeals issued a decision—on October 30, 2024, instructing the agency that "a reviewer will correct the error." This language reflects a continuing obligation to develop the record and take action.

As of the date of this filing, the VA has taken no post-remand action:

- No contact or outreach to the veteran;
- No C&P exam ordered;
- No vocational interview scheduled;
- No development initiated.

Despite this clear record of inaction, the Secretary's response to the Court of Appeals for Veterans Claims falsely characterized the remand as final, thereby manufacturing the appearance of mootness and withholding critical facts from the Court. This exhibit refutes those assertions and proves that judicial relief remains necessary and proper.

Appellant respectfully submits this exhibit to substantiate that:

- The remand was procedural, not substantive;
- The government misled the CAVC through omission;
- The VA's own system contradicts the Secretary's position.

Submitted by:

/s/ Washington Windsor

Washington Windsor, Appellant

Dated: May 15, 2025

8:40 PM   Wed May 14   •••   🔒 va.gov   🛜 100% 🔋

# December 2022

Up to date as of May 14, 2025, at 9:41 a.m. ET

**Status**   Issues

---

[ **Hide past events** ]

December 09, 2022 – October 30, 2024

---

### Board of Veterans' Appeals received your appeal

on December 09, 2022

---

### Your appeal was distributed to a Veterans Law Judge

on May 01, 2023

---

### Board of Veterans' Appeals made a decision

on October 30, 2024

▽

## Current status

🟢 **The Board made a decision on your appeal**

The Board of Veterans' Appeals sent you a decision on your appeal. Here's an overview:

Please see your decision for more details.

## What happens next?

⬤ **A reviewer will correct the error**